779 So.2d 1058 (2001)
PLAYERS LAKE CHARLES, LLC, Plaintiff/Appellee,
v.
Maureen M. TRIBBLE, Defendant/Appellant.
No. 00-1143.
Court of Appeal of Louisiana, Third Circuit.
January 31, 2001.
Writ Denied April 27, 2001.
Todd Ammons, Lake Charles, LA, Counsel for Plaintiff/Appellee.
John Crocket, Perry Sanders, Jr., Lake Charles, LA, Counsel for Defendant/Appellant.
Court composed of DOUCET, Chief Judge, SULLIVAN, and GREMILLION, Judges.
DOUCET, Chief Judge.
The Defendant, Maureen Tribble, appeals the trial court's decision to grant Plaintiff's Motion for Summary Judgment finding La.Civ.Code arts. 2983 and 2984 to be inapplicable to the Plaintiff's claims and dismissing Tribble's reconventional demand.
On a number of dates in December 1997, Tribble signed "markers" at Players Casino in Lake Charles, Louisiana. In exchange *1059 for the markers, she received chips. Her use of the chips is not a part of the record in this case. The markers took the form of a check on Tribble's bank account. When presented for payment, four markers were returned unpaid because Tribble's account did not contain sufficient funds for payment.
Allegedly in order to avoid criminal prosecution, Tribble signed a promissory pursuant to which she promised:
to pay to the order of PLAYERS LAKE CHARLES, LLC, five (5) monthly payments of SIX THOUSAND FIVE HUNDRED AND NO/100 ($6,500.00) DOLLARS each being due and payable on the first of each month, respectively, with the first being due June 1, 1998, and a final payment in the amount of THIRTY THREE THOUSAND FIVE HUNDRED FIFTY-NINE AND NO/00 ($33,559.00) DOLLARS.
Tribble made three of the monthly payments. When no further payments were forthcoming, Players filed this suit for payment of the promissory note. Tribble answered contending that the Plaintiffs were prohibited under La.Civ.Code art. 2983 from bringing a suit to collect a gaming debt. She further filed a reconventional demand in which she asserted that the note was signed under duress and as a result of deceit and that, she is consequently entitled to return of the three payments made under the note, as provided by La.Civ.Code art 2984.
Players filed a motion for partial summary judgment seeking to have Tribble's reconventional demand dismissed and to have her defenses stricken. The trial court granted the motion, finding that La. Civ.Code arts. 2983 and 2984 do not govern the Plaintiffs claim against Tribble. Tribble appeals.
Tribble asserts that the court erred in finding La.Civ.Code arts. 2983 and 2984 are inapplicable to Players' action against her. Consequently, she argues that the note is unenforceable and she should be allowed to recover the amounts already paid under the note.
La.Civ.Code art. 2983 provides that:
The law grants no action for the payment of what has been won at gaming or by a bet, except for games tending to promote skill in the use of arms, such as the exercise of the gun and foot, horse and chariot racing.
And as to such games, the judge may reject the demand, when the sum appears to him excessive.
La.Civ.Code art. 2984 provides that: "In all cases in which the law refuses an action to the winner, it also refuses to suffer the loser to reclaim what he has voluntarily paid, unless there has been, on the part of the winner, fraud, deceit, or swindling."
Tribble's case is based on the contention that debt underlying the note is unenforceable because it represents a gaming loss on her part, and that in attempting to collect the debt, Players is attempting to collect a gaming debt. The debt was incurred when Tribble signed markers, which took the form of checks. In exchange, Tribble received chips equal in value to the amount of the marker. Tribble argues that the markers represent gaming losses on her part and winnings on the part of the casino. However, this presupposes that the chips at the time they were bought could only be used to cover gaming losses. The courts of this state have repeatedly held that this is not the case.
In State v. Dean, 99-475, p. 4 (La.App. 3 Cir. 11/3/99), 748 So.2d 57, 59 (1999), this court stated that:
However, this is an instance where Defendant cashed a check at a casino and choose [sic] to gamble it away. Alternatively, he could have chosen to cash out and leave the casino. Defendant's assignment of error claiming the checks "guarantee payment of future riverboat gaming debts" is an argument only available in hindsight. The necessary presupposition is that Defendant intended *1060 to come out in the red which is contrary to the very lure of gambling "winning big."
In Telerecovery of Louisiana, Inc. v. Major, 98-1191, pp. 6-7 (La.App. 1 Cir. 5/18/99), 734 So.2d 947, 950-51, writ denied, 99-2293 (La.11/12/99), 750 So.2d 196, the First Circuit stated that:
In the case sub judice, defendant asked for and was given by the casinos a transfer of value in the form of chips. He signed the instruments given by the two casinos to acquire chips. The fact that the casinos gave defendant a sum of money in the equivalent of chips, does not render the markers given for the chips void for want of consideration.
. . . .
Defendant decided to acquire some chips and, of his own volition, chose to participate in gaming activities. Thus, after defendant acquired the chips from each of the respective casinos, he freely chose to use the chips in gaming and lost. Whether his subsequent use of the chips to engage in gaming activities would be considered legal or illegal gaming under La. C.C. arts. 2983 and 2984 is of no moment, since the underlying obligations, i.e., the exchange of the checks for the chips, are the obligations plaintiff seeks to enforce.
Therefore, we find that the trial judge correctly found La.Civ.Code art. 2983 to be inapplicable to Players' action. In this case, we do not know what Tribble did with the chips. It is irrelevant. Players seeks to collect on a marker or check given in exchange for a chips. The chips could equally well be exchanged for cash as wagered. Further, because the obligation is enforceable, La.Civ.Code art. 2984 is also inapplicable. Therefore, Tribble may not invoke its provisions to recover the amounts voluntarily paid under the note. Accordingly, the trial court correctly found that Players was entitled to summary judgment dismissing Tribble's defense based on La.Civ.Code arts. 2983 and 2984 as well as her reconventional demand.
For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be paid by the Defendant/Appellant, Maureen Tribble.
AFFIRMED.